

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES GOODALL, JR., | )<br>) |
| Petitioner, | )  3:07-CV-0629-ECR-RAM<br>) |
| vs. | )<br>)  **ORDER** |
| STATE OF NEVADA, *et al.*, | )<br>) |
| Respondents. | )<br>) |

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition on the bases of exhaustion and procedural default (docket #25). After multiple extensions of time to offer his response or opposition to the motion to dismiss, petitioner filed a motion for stay and abeyance (docket #32) of the petition. Respondents have opposed that motion (docket # 33) and petitioner has not filed a reply, although the time for doing so has expired.

The motion to dismiss shall be granted and the motion for stay and abeyance shall be denied.

Respondents' motion to dismiss relies on two theories: (1) that Ground One[1] of the petition is unexhausted, and (2) that Grounds Two and Three are procedurally defaulted. Petitioner has not argued that Ground One is exhausted, and by his motion for stay and abeyance, appears to conceded that it is not. Neither has he addressed the issue of procedural default, failing to make any attempt to argue against the default of to provide a showing of cause and prejudice to overcome such a default, if it exists. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Under the Local Rules of Civil Procedure, Rule 7-2, failure of a party to present points and authorities in opposition to a motion "shall constitute a consent to the granting of the motion." Thus, the motion to dismiss shall be granted for petitioner's failure to oppose dismissal.

As for petitioner's motion for stay and abeyance, the court finds it insufficient to warrant the requested relief. First, although petitioner recognizes the role of *Rhines v. Weber*, 544 U.S. 269 (2005), in the context of exhaustion and stay and abeyance, he has completely failed to address the points *Rhines* identifies as perquisite to obtaining such a stay. *Rhines* cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust and where the court finds that the claims are not clearly meritless. *Id.* at 278. Thus, it is incumbent upon the petitioner to demonstrate to the court that he has good cause for his failure to exhaust and that he claims merit review. In this instance, despite having this obligation highlighted by respondents, petitioner did not take the opportunity to provide such argument in a reply brief. Moreover, a review of the unexhausted claim, Ground One, supports a finding that the claim is meritless. There is no constitutional requirement that a state court appoint counsel to assist a petitioner in any post-conviction review. *Coleman*, 501 U.S. at 752; *Johnson v. Avery*, 393 U.S. 483, 488 (1969). Thus, there is no constitutional violation presented in this claim warranting this court's review.

---

[1] It is of note that respondents' argument against Ground One is more rightly focused on it lack of viability as a federal constitutional claim. The claim argues that petitioner's rights to due process and equal protection were violated because the state district court failed to appoint him counsel to assist him with his state post-conviction habeas petition and failed to conduct an evidentiary hearing in order to allow him to develop the facts to support his claims. *See* Petition (docket #9), pp. 4-6.

This leave the court with but one conclusion - that petitioner has no bases to oppose dismissal of either the unexhausted claim or those that are procedurally defaulted. The court, therefore, shall grant the motion.

**IT IS THEREFORE ORDERED** that the motion to dismiss (docket #25) is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion for stay and abeyance (docket #32) is **DENIED.**

The Clerk shall enter judgment accordingly.

Dated this 10 day of August, 2010.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE